NOT FOR PUBLICATION                                         [Dkt. Ent. 23]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| INTERNAL COMBUSTION SOLUTIONS, LLC,<br><br>       Plaintiff,<br><br>            v.<br><br>YOSHIMURA RESEARCH AND DEVELOPMENT OF AMERICA, INC.,<br><br>       Defendant. | Civil No. 13-02793 (RMB/AMD)<br><br>**OPINION** |

Appearances

Jean-Marc Zimmerman, Esq.
Zimmerman & Weiser LLP
226 St. Paul Street
Westfield, NJ  07090
     Attorney for the Plaintiff

Matthew T. Charles, Esq.
Law Offices of David G. Concannon, LLC
200 Eagle Road, Suite 116
Wayne, PA  19087
     Attorney for Defendant

**BUMB**, United States District Judge:

   Plaintiff Internal Combustion Solutions LLC (the "Plaintiff" or "ICS") brings this suit against Defendant Yoshimura Research and Development of America, Inc. (the "Defendant" or "Yoshimura") for patent infringement relating to Defendant's sale of a programmable device that enables the user

1

to control an internal combustion engine. Before the Court is Defendant's motion to transfer venue to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1404(a). (Dkt. No. 23.) For the reasons that follow, this motion is hereby GRANTED.

I.     BACKGROUND

ICS is a New Jersey Resident (Compl. ¶ 1). Yoshimura is in the business of developing, manufacturing, and selling after-market motorcycle components, and is a California corporation with its principal place of business in Chino, California. (Declaration of Dan Sakakura in Support of Motion ("Sakakura Decl."), Dkt. Ent. 23-3 ¶¶ 2-3.) Yoshimura is not incorporated, registered, or licensed to do business in New Jersey. (Sakakura Decl. ¶ 5.) It maintains no office, manufacturing facility, or any other facility, and has maintained no place of business, in New Jersey. (Id. ¶ 6.) Yoshimura sells its products through a network of distributors, none of which it contends are located in New Jersey. (Id. ¶ 12.) ICS, however, has identified a Belleville, New Jersey retailer, the Motorcycle Mall, listed on Yoshimura's website that sells Yoshimura products as well as motorcycles customized with Yoshimura parts. (See Declaration of Jean-Marc Zimmerman in Opposition to Motion ("Zimmerman Decl."), Dkt. Ent. 25-1 ¶¶ 3-4.) According to Yoshimura, the Motorcycle Mall is not an agent dealer, but sells "a Suzuki motorcycle

2

customized with Yoshimura parts, owned and sold by Suzuki through authorized Suzuki dealers." (Sakakura Decl. ¶ 13.)

ICS contends that Yoshimura is infringing, inducing infringement, or contributorily infringing U.S. Patent No. 6,560,528 (the "'528 Patent") by "making, using, offering to sell, selling and/or importing a programmable device, including but not limited to its EM Pro, MX Tuner and PIM2 & D.A.T.A. Box products." (Compl. ¶ 10.) It further argues that Yoshimura sells and uses infringing products in New Jersey. (See id.; Opp. 3.)

## II. DISCUSSION

Yoshimura seeks to have this action transferred to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1404(a) as all of its "design, development, testing, integration, and commercial introduction of the allegedly infringing products are centered in or around Chino, California, as are all management activities," witness, and documents. (See Sakakura Decl. ¶¶ 15-17.) ICS opposes transfer on the grounds that Yoshimura has failed to meet its burden and transfer would simply shift the burden of an inconvenient forum to ICS.

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or

3

division to which all parties have consented." This section was designed to prevent "the wastefulness of time, energy and money" and "to protect litigants, witnesses and the public against unnecessary inconvenience and expense[.]" Cont'l Grain Co. v. Barge FBL–585, 364 U.S. 19, 26–27 (1960). Section 1404(a) vests a district court with considerable discretion to "adjudicate motions to transfer according to an individualized, case-by-case consideration of convenience and fairness." See Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 23, 27-28 (1998); Jumara v. State Farm Ins. Co., 55 F.3d 873, 877 (3d Cir. 1995); Cadapult Graphic Sys., Inc. v. Tektronix, Inc., 98 F.Supp.2d 560, 564 (D.N.J. 2000). "A plaintiff's choice of venue is not to be 'lightly disturbed,' and the moving party has the burden of establishing that the proposed transferee forum is proper and that a balancing of the relevant considerations weighs in favor of transfer." Gentry v. Leading Edge Recovery Solutions, LLC, No. 13-3398, 2014 WL 131811, at *2 (D.N.J. Jan. 10, 2014) (citing Jumara, 55 F.3d at 879); see also Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970). The moving party must demonstrate that "the proposed alternative forum is not only adequate, but also more convenient than the present forum." Lawrence v. Xerox Corp., 56 F. Supp. 2d 442, 450 (D.N.J. 199). Moreover, in evaluating a motion to transfer, a "'district court is required to develop adequate facts to support its decision

4

and to articulate specific reasons for its conclusion that transfer to another venue is appropriate.'" Gentry, 2014 WL 131811, at *2 (quoting Tischio v. Bontex, Inc., 16 F. Supp. 2d 511, 520 (D.N.J. 1998)).

First, the Court must determine whether venue would be proper in the proposed transferee district. See Clark v. Burger King Corp., 255 F. Supp. 2d 334, 337 (D.N.J. 2003). Neither party disputes that this action originally could have been brought in the Central District of California. See 28 U.S.C. § 1391(b)(1) (venue is appropriate in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located"); 28 U.S.C. § 1400(b) ("Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.").

Next, this Court must assess whether transferring the action is in the interests of justice, which requires the Court to "consider both the private and public interests affected by the transfer." Bus. Store, Inc. v. Mail Boxes Etc., No. 11-3662, 2012 WL 525966, at *3 (D.N.J. Feb. 16, 2012) (citing Clark, 255 F. Supp. 2d at 337). Although the Court may consider a wide range of public and private interests, courts have identified the following private interests: (1) the parties' preferences;

5

(2) where the claim arose; (3) the parties' relative convenience; (4) "the convenience of the witnesses (only to the extent that the witnesses may actually be unavailable for trial in one of the fora);" and (5) "the location of books and records (only to the extent that the files could not be produced in the alternative forum)." See Digital Tech. Licensing LLC v. Sprint Nextel Corp., No. 07-5432, 2011 WL 1899279, at *3 (D.N.J. May 19, 2011); see also Jumara, 55 F.3d at 879. Among the public interests identified are: 1) the enforceability of the judgment; 2) practical considerations that could make the trial easy, expeditious or inexpensive; 3) any relative administrative difficulty resulting from court congestion; 4) local interest in deciding local controversies; 5) public polices of the fora; and 6) trial judge's familiarity with the applicable state law in diversity cases. Jumara, 55 F.3d at 879-80.

    **a. Private Interests**

As to the parties' preferences, Plaintiff chose New Jersey as the forum for litigation of its dispute, but while this choice is owed considerable deference, it is not dispositive. See Osteotech, Inc. v. Gensci Regeneration Scis., Inc., 6 F. Supp. 2d 349, 357 (D.N.J. 1998). "When the central facts of a lawsuit occur outside the forum state, a plaintiff's selection of that forum is entitled to less deference." Ricoh Co., Ltd. V. Honeywell, Inc., 817 F. Supp. 473, 482 (D.N.J. March 16, 1993)

6

(granting transfer); AB Coaster Holdings, Inc. v. Icon Health & Fitness, Inc., No. 10-6760, 2011 WL 6887724, at *3 (D.N.J. Dec. 29, 2011) ("Notably, courts give less weight to a plaintiff's choice of forum when the dispute at the heart of a lawsuit occurred almost entirely in another state."). Therefore, because the central facts of this action are primarily connected to California, Plaintiff's choice of forum is entitled to less deference.

In evaluating the second factor, this Court has previously held,

> in patent infringement actions, "as a general rule, the preferred forum is that which is the center of gravity of the accused activity." . . . In finding that "center of gravity," a district court "ought to be as close as possible to the milieu of the infringing device and the hub of activity centered around its production." . . . Appropriate considerations include the location of a product's development, testing, research and production. Also relevant is the place where marketing and sales decisions are made, rather than where limited sales activity has occurred.

Osteotech, Inc. v. Gensci Regeneration Scis., Inc., 6 F. Supp. 2d 349, 357 (D.N.J. 1998) (citations omitted); Wechsler v. Macke Intern. Trade, Inc., No. 99 Civ. 5725, 1999 WL 1261251, at *4 (S.D.N.Y. Dec. 27, 1999) ("In an action for patent infringement, the transferee forum is the locus of the operative facts if, inter alia, the design, development, and some of the marketing of the product allegedly infringing plaintiff's patent occurred

7

in the transferee forum and the designers, developers, and marketers live and work in that forum.").

Here, Yoshimura attests that all of its allegedly infringing products were designed, developed, and tested in or around Chino, California. (Sakakura Decl. ¶ 15.) It further contends that all witnesses with knowledge of the allegedly infringing activities, and anyone with knowledge of the design and manufacture are located in California. (Id. ¶ 16.) Plaintiff does not dispute these facts. Nor does Plaintiff dispute that none of the research, development, or production of the allegedly infringing products takes place in New Jersey. Rather, ICS points only to the possibility that Yoshimura is selling infringing products in New Jersey through the single identified dealer listed on its website. "However, 'sales alone are insufficient to establish a material connection to the forum' in a patent infringement action where, as here, 'defendants' products are sold in many states.'" Wechsler, 1999 WL 1261251, at *5; see also Osteotech, 6 F. Supp. 2d at 357; Ricoh Co., 817 F. Supp. at 482 ("To argue that these [sales] activities establish sufficient ties to New Jersey, particularly in light of the activities which occur and have occurred in Minneapolis, Illinois and probably Japan, is simply disingenuous."); McRo, Inc. v. Activision Blizzard, Inc., No. 12-1508, 2013 WL 6571618, at *6 (D. Del. Dec. 13, 2013) (finding second factor favors

8

transfer in patent infringement action because "[e]ven taking into account Defendants' nationwide sales, it appears that the primary acts giving rise to McRo's claims of infringement . . . have a strong connection to the Central District (one far stronger than their connection to Delaware)"). Thus, because the "center of gravity" is the Central District of California, Plaintiff's choice of forum is entitled to less deference. See also AB Coaster Holdings, Inc., 2011 WL 6887724, at *5 (finding second factor favored transferred in patent infringement action).

In considering the convenience of the parties, the district courts evaluate the parties' physical and financial condition. See AB Coaster Holdings, Inc., 2011 WL 6887724, at *5. "If both parties have a preference but neither can show the balance of convenience factors 'tips strongly in his favor,' the party with a stronger financial condition is better suited to bear the inconvenience of a foreign forum." Id. However, in a patent infringement action this principle carries less force as it is usually the accused infringer who presents the bulk of the evidence. See id.; Osteotech, 6 F. Supp. 2d at 359. Notably, both parties conclusorily assert that their non-chosen forum is inconvenient, yet neither party has argued that they are unable to litigate in that forum. Nor has either party suggested that the other is a larger or more financially stable entity. Despite

9

the absence of such evidence, the fact that this is a patent infringement action suggests that Yoshimura, the accused infringer with presumably the bulk of the evidence as discussed supra, "will be more inconvenienced defending this suit in New Jersey than would Plaintiff be inconvenienced should the Court transfer the suit to [California]." AB Coaster Holdings, Inc., 2011 WL 6887724, at *5.

The Court finds the fourth and fifth factors concerning the location of witnesses and documents have little bearing on this decision. A court should only consider these factors to the extent a party argues the "witnesses may actually be unavailable" or the documents may "not be produced in the other forum." Jumara, 55 F.3d at 879. Yoshimura makes no such contentions here. See McNulty v. J.H. Miles & Co., Inc., 913 F. Supp. 2d 112 (D.N.J. 2012) (finding these factors neither favored nor disfavored transfer as neither party demonstrated the "actual unavailability" of witnesses or documents); see also Westfield Ins. Co. v. Interline Brands, Inc., No. 12-6775, 2013 WL 6816173, at *14-15 (D.N.J. Dec. 20, 2013). Indeed, while Yoshimura asserts that all of its relevant witnesses and documents are located in and around Chino, California, it fails even to identify any of these witnesses or documents, much less explain why those witnesses would be unwilling or unable to travel to New Jersey. However, Plaintiff also does not assert

10

that any of its witnesses would be unable to travel to California. See PCS Wireless, LLC v. Portables Unlimited, No. No. 13-4348, 2013 WL 5797731, at *3 (D.N.J. Oct. 28, 2013) ("Portables asserts that certain material party witnesses are located in New York. . . . The Court assigns little weight to this assertion for three reasons. First, Defendants do not actually identify any witnesses located in New York. Second, the Court's primary concern in balancing this factor is the convenience of non-party witnesses." (citations omitted)); DePuy Synthes Sales, Inc. v. Gill, No. 13-04474, 2013 WL 5816328, at *9 (D.N.J. Oct. 29, 2013) ("Furthermore, it is only Gill that has supplied the names of any witnesses that would be unavailable if the matter was to proceed in one of the fora. DePuy Synthes has not claimed that any of its potential witnesses would be otherwise unable to travel to Washington, if necessary."). Therefore, these factors are neutral.

    **b. Public Interests**

The public interests are either neutral or favor transfer. As to the enforcement of a judgment, "Plaintiff can more easily enforce a judgment against an infringer in the same forum where the infringing product's 'development, testing, research, and production occurred.'" AB Coaster Holdings, Inc., 2011 WL 6887724, at *6 (quoting Refined Recommendation Corp. v. Netflix,

11

No. 07-04981, 2008 WL 474106, at *4 (D.N.J. Feb.14, 2008)). Therefore, this factor weighs in favor of transfer.

Regarding the second factor, practical considerations that may make the trial easier or less expensive, Yoshimura primarily recasts its arguments regarding the convenience of the parties and witnesses. It also notes the associated practical difficulties with compelling the attendance of its witnesses or any third-party witnesses outside of California, which it argues strongly favors transfer. As noted supra, the bulk of the evidence and witnesses would appear to be in California, but Yoshimura has not identified any witnesses who are unwilling to attend a trial in New Jersey. Thus, this factor is not determinative.

Plaintiff argues that New Jersey has a strong interest in protecting its residents against the type of misconduct alleged here, which militates against transfer. Again, Plaintiff has alleged only limited misconduct involving a third-party dealer in New Jersey selling a motorcycle that contains Defendant's motorcycle parts. The Court balances this against the fact that California also has an interest in regulating the conduct of its corporations. The fourth factor is thus neutral. See AB Coaster Holdings, Inc., 2011 WL 6887724, at *6; see also Osteotech, 6 F. Supp. 2d at 359. As to the last two public interest factors, this is a patent infringement action governed by patent law,

12

which district courts in New Jersey and California are equally capable of applying.

In sum, Plaintiff's choice of forum is entitled to less weight in this matter because the locus of operative events, or "center of gravity," in this patent infringement action is California. The remaining private and public factors are either neutral or weigh slightly in favor of transfer and, thus, on balance the Court finds it appropriate to transfer this action to the Central District of California pursuant to Section 1404(a).

Date: April 9, 2014

                                              s/Renée Marie Bumb
                                              RENÉE MARIE BUMB
                                              UNITED STATES DISTRICT JUDGE